UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| THOMAS YONTS,  )<br>)<br>    Petitioner,    )<br>)<br>V.    )<br>)<br>WARDEN BARNHART,    )<br>)<br>    Respondent.    ) | Civil No.<br>6:19-cv-240-JMH<br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Petitioner Thomas Yonts is a federal inmate currently housed at the Federal Correctional Institution ("FCI") Manchester located in Manchester, Kentucky. Proceeding without a lawyer, Yonts filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence. [DE 1]. Respondent Warden Barnhart has filed a response in opposition to the petition. [DE 13]. Rather than filing a reply, Yonts has filed a motion to convert his § 2241 petition to a motion filed pursuant to 28 U.S.C. § 2255 and has requested the appointment of counsel. [DE 20]. Thus, this matter is ripe for review.

**I.**

On November 14, 2012, Yonts was convicted by a jury in the United States District Court for the Eastern District of Kentucky of one count of being a convicted felon who knowingly possessed

1

firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) (Count One) and one count of knowingly possessing a short-barreled shot gun that was not registered to him in violation of 26 U.S.C. §§ 5861(d), 5845(a)(2), 5841, and 5871. At sentencing, the district court designated Yonts as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior convictions of four separate offenses qualifying as "violent felonies" for purposes of the ACCA: (1) Kentucky third degree burglary in violation of K.DES. § 511.040; and (2) three convictions for Kentucky first degree wanton endangerment in violation of K.DES. § 508.060. *United States v. Thomas Yonts*, Case No. 0:12-cr-004-DLB-EBA (E.D. Ky. 2012) at DE 55, Sentencing Transcript, p. 22, 29-30, 33-34.

On April 8, 2013, Yonts was sentenced to terms of imprisonment of 262 months on Count One and 120 months on Count Two, to run concurrently, for a total term of imprisonment of 262 months. *Id*. at DE 46. In 2014, Yonts' conviction was affirmed on appeal to the United States Court of Appeals for the Sixth Circuit. *United States v. Thomas Yonts*, No. 13-5507 (6th Cir. Mar 12, 2014).

In his § 2241 petition pending before this Court, Yonts argues that the enhancement of his sentence was improper in light of the United States Supreme Court's subsequent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*,

2

136 S. Ct. 2243 (2016). Specifically, Yonts argues that his prior convictions no longer qualify as "violent felonies" for purposes of the ACCA, thus he was improperly designated as an armed career criminal for sentencing purposes. Yonts invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert these claims in a § 2241 petition.

In response, the Respondent argues that Yonts is not entitled to relief from his sentence in this § 2241 proceeding. However, Respondent further explains that Yonts' wanton endangerment convictions previously qualified as predicate offenses for purposes of the ACCA enhancement pursuant to the "residual clause" of § 924(e)(2)(B)(ii).[1] [DE 13 at p. 9-10]. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the definition of a "violent felony" in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, thus imposing an increased sentence under that clause violates the due

---

[1] The ACCA provides a sentencing enhancement for offenders who have three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). For purposes of this enhancement, a "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year…that – (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. § 924(e)(2)(B)(ii) (emphasis added). The italicized portion of this definition is known as the ACCA's "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2555-56 (2015).

process guarantee of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. In *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265.

Respondent further states that, "[i]n the years after *Johnson*, the United States repeatedly conceded – on direct appeal and in § 2255 motions – that Kentucky wanton endangerment convictions could not be used as ACCA predicates in light of *Johnson*." [DE 13 at 11]. Thus, Respondent concedes that, had Yonts timely filed a motion for relief from his sentence pursuant to 28 U.S.C. § 2255 (which Yonts did not), he may be entitled to relief. However, because Yonts' constitutional *Johnson* claim is not properly raised in a § 2241 petition, such as the one that is currently pending before the Court, he is not entitled to relief in this proceeding. Even so, Respondent states that it does not oppose transferring this case to Yonts' sentencing judge for consideration as a § 2255 motion or, in the alternative, dismissing Yonts' petition without prejudice with leave for him to re-file it as a § 2255 motion. [DE 13 at 13]. While a § 2255 motion seeking relief under *Johnson* would be untimely under § 2255(f)(3), Respondent represents that "the United States would not raise a timeliness defense in response to an otherwise meritorious

4

*Johnson*-based § 2255, such as the one Yonts seemingly could file." [*Id*.].

In reply, Yonts does not contest Respondent's argument that he is not entitled to § 2241 relief, but instead requests that the Court convert his § 2241 petition to a § 2255 motion based on *Johnson* and further requests the appointment of counsel to assist him in his § 2255 proceedings. [DE 20].

After a thorough review of Yonts' § 2241 petition and Respondent's response, the Court will deny Yonts' § 2241 petition because Yonts' claims are not cognizable in a habeas corpus petition filed pursuant to § 2241. However, the Court will deny Yonts' § 2241 petition without prejudice to his ability to re-file a § 2255 motion in his criminal case seeking relief based on *Johnson*.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as

5

an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his

6

or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595.

7

### III. A.

Here, Yonts argues that, using the categorical approach used to classify ACCA predicate offenses as clarified in *Mathis* and *Descamps*, his ACCA enhancement was improper, as his prior conviction for Kentucky third degree burglary (KRS § 511.040) is no longer a "violent felony" for purposes of the enhancement. [DE 1-1 at p. 3-4]. However, while Yonts "could not cite *Mathis*, specifically, before it existed … a claim for habeas relief is more than the talismanic force of a new name." *Wright*, 939 F.3d at 705. For purposes of allowing a petitioner to proceed via the savings clause of § 2255(e), "[a] new case matters only, if at all, because of the *new legal arguments* it makes available." *Id*. (emphasis in original). As the Sixth Circuit made clear in *Wright*,

> *Mathis* did not invent the categorical approach. *See Mathis*, 136 S. Ct. at 2251 (explaining that *Taylor v. United States* held that "[a]ll that counts ... are 'the elements of the statute of conviction'" (quoting 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990))); *id*. at 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). In fact, it did not even break new ground. *See id*. at 2257 ("Our precedents make this a straightforward case."); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth).").

*Wright*, 939 F.3d at 705-06.

Moreover, while *Mathis* may not have existed at the time of Yonts' sentencing, a review of the Sentencing Transcript shows

8

that U.S. District Judge David L. Bunning did, in fact, analyze Yonts' predicate offenses using the modified categorical approach and determined that each of Yonts' prior offenses qualified as a "violent felony" for purposes of the ACCA enhancement. *See United States v. Yonts*, No. 0:12-cr-004-DLB-EBA (E.D. Ky. 2012) at DE 55, p. 6-34. Indeed, Judge Bunning specifically considered Yonts' counsel's objections to the qualification of his prior conviction of Kentucky burglary in the third degree and found that, applying the modified categorical approach, Yonts' prior conviction qualified as a "violent felony" conviction for purposes of the ACCA enhancement. *Id*. at p. 21-22.

Thus, with respect to his claims for relief based on *Mathis* and *Descamps*, Yonts cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705. Not only were arguments regarding the application of the categorical approach previously available to Yonts, his counsel did, in fact, raise such arguments at sentencing and they were rejected. Thus, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706. For these reasons, Yonts does not fall within the limited exception recognized by *Hill* and *Wright*, thus he may not challenge his sentence in this § 2241 proceeding.

9

**B.**

Turning to Yonts' entitlement to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in *Johnson*, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e) is unconstitutionally vague. Thus, as conceded by the Respondent, because Yonts' prior convictions for Kentucky wanton endangerment qualified as predicate offenses under the residual clause, Yonts does have a stronger argument for relief. However, *Johnson* is a case of constitutional – not statutory – interpretation. Accordingly, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because a claim based on a new rule of constitutional law may be asserted in a second or successive motion certified under § 2255(h)(2), that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017). This is true even if Yonts did not file a § 2255 motion or the time for doing so has expired. *See Copeland*, 36 F. App'x at 795 (6th Cir. 2002).

For these reasons, although the Court will not convert this matter to a § 2255 proceeding, it will dismiss Yonts' petition

10

without prejudice to his ability to raise his claims in a § 2255 motion, which is properly filed in his criminal case. While Yonts' *Johnson* claims are untimely, as the Government has indicated that it will not raise an objection based on timeliness, this dismissal will not prejudice Yonts.

**IV.**

Finally, in his reply, Yonts made a second request that this Court appoint counsel to assist him with filing his § 2255 motion. [DE 20]. However, as the Court previously advised Yonts in its prior Order denying his first request for counsel [DE 18], his § 2255 motion is not pending before this Court and the Court cannot appoint counsel to represent Yonts in a case that is not currently pending before it. For the reasons more fully stated in the Court's prior Order [DE 18], Yonts' second request for the appointment of counsel in this proceeding is denied without prejudice to Yonts' ability to seek the appointment of counsel in a § 2255 proceeding, should he wish to file a § 2255 motion.

Accordingly, it is hereby **ORDERED** as follows:

(1) Yonts' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED WITHOUT PREJUDICE** to his right to raise his claims for relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in a motion filed pursuant to 28 U.S.C. 2255.

11

(2) To the extent that Yonts' motion [DE 20] seeks to convert his 28 U.S.C. § 2241 petition to a motion filed pursuant to 28 U.S.C. § 2255, his request for relief is **DENIED**.

(3) To the extent that Yonts' motion [DE 20] requests that appointment of counsel, his motion is **DENIED WITHOUT PREJUDICE** to Yonts' right to file a motion to appoint counsel in a future proceeding on a motion filed pursuant to 28 U.S.C. § 2255.

(4) The Court will enter a judgment contemporaneously with this order.

(5) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 12th day of June, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge